UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MR. JASON WAYNE NUILLIEUX,[1]

               Plaintiff,

        -against-

UNITED STATES MINT,

              Defendant.
---------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
18-CV-3758 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

On June 26, 2018, Plaintiff Jason Wayne Nuillieux filed this *pro se* action against an agency of the federal government. The Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court has difficulty making sense of the complaint. The complaint states that the basis for federal court jurisdiction is federal question and diversity. (Compl., Dkt. 1, at 4.)[2] It makes several references to "miennits" or "minniets," "a group of judges and justice[s]" and "a processor" who "processed." (*Id.* at 5-6.) There are no additional references to the United States Mint, the defendant named in the caption. The only relief sought is that "the judge and justice . . . call me into court and talk with me." (*Id.* at 9.) An addenda states: "I would also like the 'mint of process' that the processer filed to be found also." (*Id.* at 10.)

A district court shall dismiss an *in forma pauperis* action where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted;

---

[1] The complaint also lists "United States Persedents [*sic*] Gorge W. Bush, Gorge Bush Jr., Bill Cleitin, Beracka Obama" [*sic*] as plaintiffs, but these individuals did not sign the complaint. (*See* Compl., at 2.)

[2] The Court refers to the page numbers assigned by the Court's CM/ECF system.

or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  This case, where the pleading is nearly unintelligible and the alleged facts irrational, must be dismissed as "frivolous or malicious," pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
 July 12, 2018